## Nolan Estate.

Argued March 22, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*David M. Janavitz,* with him *Janavitz, Reich & Domesek* and *Edward I. Roth,* for appellant.

*Joseph R. Doherty,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, April 9, 1945:

This is an appeal from the dismissal of certain exceptions to a decree of distribution in a decedent's estate. The complaint of the appellant is that the Orphans' Court awarded only $12,874.95 for the erection of a mausoleum for decedent and her family, whereas an erection of a mausoleum according to the plans and specifications decedent approved during her lifetime would cost $18,905 on account of the cost of materials for a mausoleum having risen since the plans were approved by the decedent. The approved specifications contained the following provision:

"The contract price for the mausoleum erected complete as per specifications is $12,874.95."

The specifications were drawn by the Donatelli Granite Company, and the Vice President of that company, George Donatelli, testified that when during the negotiations for the erection of a mausoleum Mrs. Nolan was informed that owing to a change in the location of the cemetery plot, there would be a change in the price of the mausoleum, she "absolutely would pay no more than she had agreed to the first time," that is $12,874.95. This price was then agreed to. Since no contract was

executed by the decedent and the Granite Company, the company is not bound to erect a mausoleum for the sum stated, and the specifications are in evidence only as proof of the decedent's wishes.

Fannie B. Nolan died testate on May 16, 1943, leaving to survive her, her husband, Mark H. Nolan, and a son, Lester S. Nolan. She made a will dated January 19, 1943. The second clause of the will reads as follows:

"I direct that a mausoleum be constructed in accordance with specifications of the Donatelli Granite Company, Pittsburgh, Pennsylvania, in my possession and identified by my signature thereon, the use of which shall be limited to members of the Nolan family."

In her will she provided for $2,000 for the upkeep of the mausoleum, and she bequeathed ten pecuniary legacies, each in the amount of $1,000 to collateral relatives. She also bequeathed certain specific legacies of jewelry and household goods, and she bequeathed the residue of her estate to certain trustees in trust for the benefit of her grandchildren, the children of Lester S. Nolan, her son.

Mark H. Nolan, husband of the decedent, elected to take against the will. When the account came for audit it was submitted to the court that because of the husband's election to take against the will there were not sufficient assets remaining in the estate to build the mausoleum and to pay the general and specific legacies. It was also shown that the original estimate of the cost of the erection of the mausoleum had increased from $12,871 to $18,905. Testimony was taken on April 19, 1944, and on June 9, 1944. On April 22, 1944, the court appointed Charles A. Fagan, Jr., Esq., Guardian Ad Litem for minors not represented, and Trustee Ad Litem for children in posse. In this capacity, Mr. Fagan, Jr., believing that certain property rights of the minors were involved, particularly since the election of the husband to take against the will, had caused the residuary estate to abate completely, negotiated with Mark H.

Nolan, husband of the testatrix. An agreement was reached between him and the husband, whereby the minors were to receive a sum of money which was actually greater than they would have received had the husband not elected to take against the will of his deceased wife.

After the hearing on June 9, 1944, the court filed an opinion and decreed one-half of the net estate, namely, $19,077.16 to Mark H. Nolan, husband of the testatrix by virtue of his election to take against the will, and, distributed the balance of $19,077.16, in substance, as follows:—$2,000 less $84.72 tax, for the upkeep of the mausoleum; $12,874.95, less tax of $786.58, for the erection of a mausoleum, and then awarded the specific legacies to the specific legatees, without abatement, and finally abated all of the general pecuniary legacies of $1,000 each. In due course this appeal followed.

Appellant contended that the testatrix having approved certain plans and specifications for her mausoleum, her executors are in duty bound to construct a mausoleum according to such plans and specifications, regardless of cost, and the court should have suspended distribution until the executors had taken bids to determine the cost of the erection of such a mausoleum and that the court should have abated all legacies so that there would be sufficient funds to pay for the mausoleum even though the cost was in excess of $12,872. The court below negatived this contention, and we approve its action.

The bequest for the erection of a mausoleum is uncertain except by reference to the Donatelli's specifications, and these clearly set forth what the mausoleum was to cost. The decedent's determination not to spend more for the mausoleum than the sum thus stated is also proved by the testimony above referred to. There is nothing in the record which indicates that the decedent intended to have a mausoleum built according to the Donatelli plans and specifications, *regardless of cost*. The

cost was clearly limited in the plans and specifications and though the contract for the mausoleum was not executed, we know from these specifications and what the testatrix said in assenting to them that she never intended to expend more than the specified sum for a mausoleum. According to appellant's reasoning, a mausoleum would have to be erected *in accordance with the plans and specifications,* even though it might be necessary to consume the entire estate in paying for it. We find in this record no such unreasonable and extravagant intentions on the part of this testatrix. The limitations as to cost which she made so clear and emphatic must not be exceeded.

In awarding only the sum of $12,872 for the purpose of erecting a mausoleum the court below exhibited sound discretion. Thus to limit the cost of the proposed mausoleum will not frustrate the intentions of the testatrix to have a mausoleum erected, for there is nothing before us to indicate that a mausoleum cannot be erected for the sum stated.

The decree is affirmed at appellant's cost.